IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| DEBRA LOUISE DAVIDSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 1:16-CV-00136-BL |
| | § | |
| NANCY A. BERRYHILL*, | § | |
| Acting Commissioner of Social Security, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM ORDER AND OPINION

Pursuant to 42 U.S.C. § 405(g), Plaintiff Debra Louise Davidson seeks judicial review of the decision of the Commissioner of Social Security, who denied her application for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act. The United States District Judge reassigned the case to this court pursuant to 28 U.S.C. § 636(c). The parties have unanimously consented to proceed before a United States Magistrate Judge. (Doc. 12). After considering the pleadings, briefs, and administrative record, the undersigned **ORDERS** the Commissioner's decision is **AFFIRMED** and Davidson's case **DISMISSED**.

## I. STATEMENT OF THE CASE

Davidson filed applications for DIB and SSI on June 24, 2013. Those applications were denied initially on September 25, 2013 and after reconsideration on January 3, 2014. Davidson

---

* On January 20, 2017, Nancy A. Berryhill replaced Carolyn W. Colvin as the Acting Commissioner of Social Security. In accordance with Fed. R. Civ. P. 25(d), the Court automatically substitutes her as the named defendant.

requested a hearing, which was held before an Administrative Law Judge on September 24, 2014. The ALJ issued a decision on January 16, 2015 finding Davidson not disabled.

Specifically, the ALJ found during step one that Davidson had not engaged in substantial gainful activity since September 1, 2011. (Doc. 11-3, 12). At step two, the ALJ determined Davidson had the severe impairments of degenerative changes of the lumbar spine with spondylosis, bipolar disorder, major depressive disorder, panic disorder with agoraphobia, and alcohol abuse in remission. (Doc. 11-3, 13). In the third step, the ALJ found those severe impairments did not meet and were not equivalent to the standards of any listed impairments. (Doc. 11-3, 13). The step three analysis continued, with the ALJ finding Davidson retained the residual functional capacity to perform sedentary work with the limitations that she "is able to understand, remember, and carryout simple tasks, attend and concentrate for extended periods, interact appropriately with coworkers and peers, … respond appropriately to changes in a routine work setting[, but] cannot have frequent contact with the public." (Doc. 11-3, 15). At step four, the ALJ determined she could not return to past relevant work, and at step five accepted vocational expert testimony that there were sufficient jobs Davidson could perform and found her not disabled. (Doc. 11-3, 21-23).

Davidson applied to the Appeals Council, which denied review on May 17, 2016. Therefore, the ALJ's decision is the Commissioner's final decision and properly before the court for review. *Higginbotham v. Barnhart*, 405 F.3d 332, 336 (5th Cir. 2005) ("[T]he Commissioner's final decision includes the Appeals Council's denial of [a claimant's] request for review.").

## II. FACTUAL BACKGROUND

According to her pleadings, testimony, and the administrative record, Davidson was 49 years old and married at the time of the administrative hearing. She has experience working as a

nurse's aide and mental health aide, as well as in telemarketing. She believes her physical and mental impairments render her disabled under the Act.

### III. STANDARD OF REVIEW

A person is disabled if she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 1382(c)(a)(3)(A), 423 (d)(1)(A) (2012). "'Substantial gainful activity' is work activity involving significant physical or mental abilities for pay or profit." *Masterson v. Barnhart*, 309 F.3d 267, 271 n.2 (5th Cir. 2002); 20 C.F.R. § 404.1572(a)-(b).

To evaluate a disability claim, the Commissioner follows a

> five-step sequential analysis to determine whether (1) the claimant is presently working; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the social security regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the impairment prevents the claimant from doing any other substantial gainful activity.

*Audler v. Astrue*, 501 F.3d 446, 447-48 (5th Cir. 2007); *see also* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). "The claimant bears the burden of showing she is disabled through the first four steps of the analysis; on the fifth, the Commissioner must show that there is other substantial work in the national economy that the claimant can perform." *Audler*, 501 F.3d at 448. Before proceeding to steps 4 and 5, the Commissioner must assess a claimant's RFC. *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005). RFC is defined as "the most [a claimant] can still do despite [the claimant's] limitations." 20 C.F.R. § 416.945(a)(1).

This court's review of the Commissioner's decision to deny disability benefits is limited to an inquiry into whether substantial evidence supports the Commissioner's findings and whether

the Commissioner applied the proper legal standards. *Sun v. Colvin*, 793 F.3d 502, 508 (5th Cir. 2015) (quoting *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001)). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept to support a conclusion' and constitutes 'more than a mere scintilla' but 'less than a preponderance' of evidence." *Hardman v. Colvin*, 820 F.3d 142, 147 (5th Cir. 2016) (quoting *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000)). If substantial evidence supports the Commissioner's findings, then the findings are conclusive and the court must affirm the Commissioner's decision. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *Newton*, 209 F.3d at 452.

The court may not reweigh the evidence, try the issues *de novo*, or substitute its judgment for the Commissioner's, even if the court believes the evidence weighs against the Commissioner's decision. *Masterson*, 309 F.3d at 272. Moreover, "[c]onflicts in the evidence are for the Commissioner and not the courts to resolve." *Newton*, 209 F.3d at 452.

## IV. DISCUSSION

Davidson argues the ALJ erred by failing to consider her age borderline and explicitly contemplate considering her case under a different age bracket of the guidelines. At step five, the ALJ determined Davidson did not fit squarely into a category from the Medical-Vocational Guidelines and "asked the vocational expert whether jobs exist in the national economy for an individual with the claimant's age, education, work experience, and residual functional capacity." (Doc. 11-3, 23). The ALJ then found that

> [b]ased on the testimony of the vocational expert ... considering the claimant's age, education, work experience, and residual functional capacity, the claimant is capable of making a successful adjustment to other work that exists in significant numbers in the national economy. A finding of 'not disabled' is therefore appropriate under the framework of the [guidelines].

*Id.* When an ALJ finds a claimant is capable of performing the full range of a category of work, the ALJ may rely on the Medical-Vocational Guidelines instead of conducting an individualized determination with evidence from a vocational expert. *Bowling v. Shalala*, 36 F.3d 431, 435 (5th Cir. 1994); *see also Jones v. Colvin*, 2016 WL 5085972 at *9 (N.D. Tex. Sep. 20, 2016).

Here, however, the ALJ relied on VE testimony and not the guidelines. (Doc. 11-3, 23) ("Based on the testimony of the vocational expert, the undersigned concludes that … [a] finding of 'not disabled is therefore appropriate[.]'"). Davidson argues not that substantial evidence does not support the decision the ALJ made after reviewing the testimony of the VE, but rather that there is a prohibition against rigid application of the guidelines when the claimant is approaching a change in age categories under those guidelines, which the ALJ violated by failing to textually detail whether she should be considered under the next age grouping. Davidson quotes regulations that state the Administration would consider using a more advanced age category along with other factors when a claimant's age is "within a few days to a few months of reaching an older age category, and using the older age category would result in a determination" of disability under the guidelines. 20 C.F.R. § 416.963(b).

Davidson's characterization of the ALJ decision as reliant on the guidelines is misguided: the ALJ explicitly states the finding of not disabled was "[b]ased on the testimony of the vocational expert[.]" (Doc. 11-3, 23). Even if there were an affirmative duty for the ALJ to determine whether or not Davidson should be considered under the next age category rather than her actual age when applying the guidelines, the vocational expert and ALJ in this case detail how they considered her age and all other required factors in making the finding of not disabled. The ALJ here carried the step five burden by soliciting the testimony of the VE and determining there were sufficient jobs Davidson could perform. Without also showing that the vocational expert's

testimony could not be considered sufficient evidence for the ALJ's decision, merely speculating that borderline age should have directed a different result in a case where the ALJ relies exclusively on the grids is insufficient. Davidson has not alleged the ALJ's determination is unsupported by substantial evidence, and has failed to show incorrect legal standards were applied.

## V. CONCLUSION

As Davidson has failed to show the decision of the ALJ is unsupported by substantial evidence or the result of incorrect legal standards, it is **ORDERED** the decision of the Commissioner is **AFFIRMED** and Davidson's complaint **DISMISSED**.

**SO ORDERED.**

Dated June __15__, 2017.

_____
E. SCOTT FROST
UNITED STATES MAGISTRATE JUDGE